Case 2:23-cv-01880-GJP   Document 1   Filed 05/17/23   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGERNETTE JACOBS<br>2437 W. Diamond Street<br>Philadelphia, PA 19121<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>DET. JAMES KOENIG<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>DET. WILLIAMS, Badge No. 760<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>JOHN DOE MEDICAL STAFF<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>JOHN DOE POLICE OFFICER<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>Defendants. | CIVIL ACTION<br>No.:<br><br>TRIAL BY JURY DEMANDED |

## **COMPLAINT**

Plaintiff, Angernette Jacobs, by and through her attorney, Brian Zeiger, Esq., hereby alleges the following:

## **PARTIES**

1

1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

1. Plaintiff, Angernette Jacobs, is an adult individual who currently resides at 2437 W. Diamond Street, Philadelphia, PA 19121.

2. Defendant City of Philadelphia, is a Municipality in the Commonwealth of Pennsylvania doing business at 1515 Arch Street, Philadelphia, PA 19102.

3. Defendant Detective James Koenig, is an adult male citizen who is being sued in his individual capacity, who conducts business at 1515 Arch Street, Philadelphia, PA 19102.

4. Defendant Detective Williams, badge no. 760, is an adult male citizen who is being sued in his individual capacity, who conducts business at 1515 Arch Street, Philadelphia, PA 19102.

5. Defendant John Doe Medical Staff were working on duty as medical at all time relevant to this Complaint, doing business at 1515 Arch Street, Philadelphia, PA 19102.

6. Defendant John Doe Police Officer, was working on duty as a police officer for Defendant City of Philadelphia at all times televant to this Complaint, doing business at 1515 Arch Street, Philadelphia, PA 19102.

7. At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Philadelphia County.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. § 1983.

9. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

10. Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

11. On or about June 11, 2022, Plaintiff's daughter, Alecia Jacobs, was alleged to have been a part of a road rage incident in Philadelphia, PA, at or near the intersection of 17th and Chestnut Streets.

12. During the road rage incident, the alleged victims took pictures of Alecia Jacobs.

13. Admittedly, Plaintiff and her daughter look very much alike; however, Plaintiff is obviously much older than her daughter.

14. Plaintiff was not on the scene on June 11, 2022, during the alleged road rage incident between her daughter and the alleged victim.

15. Based upon information and belief, Defendant Koenig interviewed the victims of the alleged road rage incident.

16. Based upon information and belief, Defendants Koenig and Williams were given the abovementioned photographs of Alecia Jacobs by the alleged victims.

17. Based upon information and belief, Defendants Koenig and Williams obtained copies of the drivers' license photographs from PennDot for both Alicia Jacobs and Plaintiff.

18. Defendant Koenig intentionally obtained a false arrest warrant for Plaintiff, even though he was in possession of a picture of Alecia Jacobs as the doer of the road rage incident.

19. On or about June 21, 2022, John Doe Defendant Police Officers executed a warrant for Plaintiff.

20. When Plaintiff was taken into custody, she informed John Doe Defendants that she had a

seizure disorder and needed to take anti-seizure medicine.

21. When Plaintiff was taken into custody, John Doe Defendants refused to allow Plaintiff to take anti-seizure medicine and/or bring the anti-seizure medicine with her to the police station.

22. Plaintiff had been seizure free for approximately a year before the incident.

23. Further, at the time Plaintiff was arrested, she was wearing pajamas.

24. Plaintiff asked if she could get dressed before going to the police station and John Doe Police Officers refused to allow her to get dressed.

25. Plaintiff was transported to Police Headquarters at 7th and Race Streets in Philadelphia, PA, for processing (hereinafter "the Round House").

26. While at the Round House, Plaintiff begged for anti-seizure medication from Defendant John Doe, but was refused all medication.

27. Further, Plaintiff was very cold at the Round House and ask Joh Doe for a blanket, but was refused.

28. Plaintiff had a seizure at the Round House.

29. As a result of the seizure Plaintiff urinated all over herself and the cell.

30. As a result of the seizure, Plaintiff suffered severe injuries to her neck, back, shoulders and knees.

31. John Doe refused to offer Plaintiff a change of clothing or any medical help regarding the seizure.

32. Plaintiff was embarrassed and humiliated due to the seizure and urinating on herself.

33. Plaintiff asked for medical care for the seizure from John Doe, but was denied medical

care.

34. After Plaintiff was arraigned, her family transported her from the Round House directly to the hospital.

## COUNT I:
## FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
## FOURTH, EIGHTH and FOURTEENTH – PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. ALL DEFENDANTS

35. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

36. The Plaintiff continually asked for anti-seizure medicine.

37. The Defendants did not provide any anti-seizure medicine to Plaintiff.

38. Defendants did not properly investigate or treat Plaintiffs requests and/or complaints.

39. Defendants did not properly learn the cause or condition of decedent's medical complaint.

40. Defendants labeled decedent's complaints as frivolous and did not treat decedent's complaints of pain.

41. Defendants failed to protect decedent's physical well-being.

42. Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, ignored decedent's medical complaints.

43. Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, ignored decedent's obvious need for medical treatment and evaluation.

44. Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, denied decedent of medical care.

45.     Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, failed to ensure that decedent received prompt medical attention;

46.     Defendants acted deliberately, recklessly, and with a conscious disregard for the obvious risk that the decedent had a serious medical issue.

47.     Defendants' actions caused the decedent to suffer needlessly, served no penological purpose, and caused her to have a seizure and suffer physical injuries from the seizure.

48.     As a direct and proximate cause of Defendants' actions, the decedent suffered an injury, immense physical pain, humiliation, fear, and ultimately death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Venango County, delay damages, attorneys fees, and allowable costs of suit and brings this action to recover same.

## COUNT II - UNCONSTITUTIONAL SEIZURE OF PERSON UNDER 42 U.S.C. § 1983

49.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

50.     Plaintiff did not commit any criminal offense related to her arrest, detention, and prosecution.

51.     Defendant did not have any probable cause to believe the Plaintiff committed any criminal offense.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

52. No reasonable police officer would believe probable cause existed to arrest the Plaintiff.

53. The Defendant intentionally, maliciously, and falsely arrested the Plaintiff with reckless disregard for Plaintiff's constitutional rights.

54. The false arrest and illegal seizure of the Plaintiff was a violation of her Fourth Amendment rights under the United States Constitution.

55. Defendants acted in concert and conspiracy with each other to deprive the Plaintiff of her liberty.

56. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty.

57. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to her great detriment and loss.

58. As a direct and proximate result of the aforementioned act and conduct of the defendant, Plaintiff has incurred other financial expenses to which she may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

### **COUNT III -**

## MALICIOUS PROSECUTION
## UNDER 42 U.S.C. § 1983

59. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

60. Defendants caused Plaintiff to be charged with crimes she did not commit.

61. The criminal charges against Plaintiff were dismissed and the case terminated in the Plaintiff's favor.

62. Defendant initiated criminal charges against Plaintiff without probable cause.

63. Defendant knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff.

64. Defendant caused Plaintiff to be prosecuted for a purpose other than seeking justice.

65. Defendant made false assertions in order to legitimize the false arrest of Plaintiff and to support their intentional malicious prosecution of Plaintiff.

66. As a direct result of Defendant's intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in violation of the Fourth Amendment to the United States Constitution.

67. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to her great detriment and loss.

68. As a direct and proximate result of the aforementioned act and conduct of the

defendant, Plaintiff has incurred other financial loses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

May 17, 2023                                        /s/Brian Zeiger
DATE                                                BRIAN ZEIGER
                                                    IDENTIFICATION NO.: 87063
                                                    LEVIN & ZEIGER, LLP
                                                    TWO PENN CENTER
                                                    1500 JFK BLVD STE 620
                                                    PHILADELPHIA, PA 19102
                                                    215.546.0340
                                                    zeiger@levinzeiger.com