**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ANGERNETTE JACOBS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 2:23-cv-01880-GJP** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss Plaintiff's Complaint, filed by Defendants, City of Philadelphia, Det. James Koenig, and Detective Williams, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that Count I of Plaintiff's Complaint against Defendant Detective James Koenig and Defendant Detective Williams and all claims against Defendant City of Philadelphia are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

PAPPERT, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ANGERNETTE JACOBS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 2:23-cv-01880-GJP** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, City of Philadelphia, Det. James Koenig, and Detective Williams ("Moving Defendants"), hereby file this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of its motion, Moving Defendants incorporate the attached Memorandum of Law.  Moving Defendants respectfully request that this Court dismiss Count I of Plaintiff's Complaint against Detectives Koenig and Williams and all claims against the City of Philadelphia, with prejudice.

Date: June 15, 2023

Respectfully submitted,

*/s/ Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Pa. Attorney ID No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434 (phone)
ben.jackal@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGERNETTE JACOBS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 2:23-cv-01880-GJP** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FILED BY DEFENDANTS, CITY OF PHILADELPHIA, DET. JAMES KOENIG, AND DETECTIVE WILLIAMS**</u>

Defendants, City of Philadelphia ("City"), Detective James Koenig, and Detective Williams (collectively, "Moving Defendants"), by and through the undersigned counsel, hereby file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff claims entitlement to relief based on her allegations that she was arrested without probable cause and that she was denied medical care when she had a seizure in police custody. Moving Defendants respectfully request that this Court dismiss Count I of Plaintiff's Complaint against Defendants Detectives Koenig and Williams because it is not supported by any factual allegations. Moreover, because Plaintiff fails to allege the existence of any policy, practice, or custom implemented by the City, she has not alleged a cognizable claim of municipal liability under 42 U.S.C. § 1983. Thus, Moving Defendants respectfully request that this Court dismiss all claims against the City.

## I.    STATEMENT OF ALLEGED FACTS

Plaintiff's Complaint includes the following allegations. Plaintiff claims that on June 11, 2022, her daughter Alecia Jacobs, was alleged to have been involved in a "road rage incident" in

Philadelphia. ECF 1, ¶ 11. The alleged victims of the road rage incident took photos of Alecia Jacobs. Id. ¶ 12. Plaintiff acknowledges "Admittedly, Plaintiff and her daughter look very much alike." Id. ¶ 13. Plaintiff alleges she was not at the scene of the alleged road rage incident. Id. ¶ 14. Defendant Detective Koenig interviewed the victims of the road rage incident, who provided Detectives Koenig and Williams photographs of Alecia Jacobs taken during the road rage incident. Id. ¶¶ 15–16. Detectives Koenig and Williams obtained copies of the drivers' license photographs for Plaintiff and Alecia Jacobs. Id. ¶ 17. Plaintiff alleges Detective Koenig "intentionally obtained a false arrest warrant for Plaintiff, even thought he was in possession of a picture of Alecia Jacobs as the doer of the road rage incident." Id. ¶ 18.

Plaintiff's Complaint includes the following allegations. On June 21, 2022, Defendants John Doe Police Officers "executed a warrant for Plaintiff." ECF 1, ¶ 19.[1] As the police officers were taking Plaintiff was taken into custody, she told them she had a seizure disorder and needed to take anti-seizure medication. Id. ¶ 21. Plaintiff was wearing pajamas when she was arrested, and Defendant John Doe Police Officers refused to permit her to get dressed before going to the police station. Id. ¶¶ 23–24.

Plaintiff's Complaint includes the following allegations. Plaintiff was transferred to the police headquarters at 7th and Race Streets in Philadelphia. ECF 1, ¶ 25. While there, she "begged for anti-seizure medication," however, John Doe Defendant Police Officer refused to provide her with any medication. Id. ¶ 26. Plaintiff was cold and asked for a blanket but was denied one. Id. ¶ 27. Plaintiff had a seizure at the police headquarters. Id. ¶ 28. She urinated on herself and in the cell. Id. ¶ 29. As a result of the seizure, Plaintiff injured her neck black, shoulders, and knees.

---

[1]    Plaintiff names as a singular defendant "John Doe Police Officer." ECF 1, ¶ 6. However, her factual allegations repeatedly refer to multiple John Doe police officers as defendants. E.g., id. ¶¶ 19–21.

Id. ¶ 27.  Plaintiff asked for medical care, but John Doe Defendant Police Officers did not provide any.  Id. ¶¶ 31, 33.  Nor did they provide her with a change of clothes.  Id. ¶ 31.  Plaintiff was arraigned, and her family transported her to the hospital.  Id. ¶ 34.

Plaintiff brings three counts based on the foregoing factual allegations.  Count I of Plaintiff's Complaint alleges "failure to protect and denial of medical care" against all defendants (ECF 1, ¶¶ 36–48); Count II alleges unconstitutional seizure of Plaintiff's person (id. ¶¶ 50–58); Count III alleges malicious prosecution (id. ¶¶ 60–68).  For the reasons that follow, Moving Defendants respectfully request that this Court dismiss Count I against Detectives Koenig and Williams and all counts against the City.

## II.   LEGAL STANDARD

Under Rule 12(b)(6), the Court must dismiss an action on a motion to dismiss when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.   ARGUMENT

### A.   The Court should dismiss Count I of Plaintiff's Complaint against Defendants Detective James Koenig and Detective Williams because it is not supported by any factual allegations.

Plaintiff sues Defendants Detectives Koenig and Williams in their individual capacities.  ECF 1, ¶¶ 3–4.  To state an individual-capacity claim a defendant for a civil rights violation, a plaintiff must allege that the defendant had "personal involvement in the alleged wrongs." Ogrod

v. City of Philadelphia, 598 F. Supp. 3d 253, 265 (E.D. Pa. 2022), quoting Rode v. Dellarciprete,

845 F.2d 1195, 1207 (3d Cir. 1988).  "Any allegations of participation or actual knowledge and

acquiescence . . . must be made with appropriate particularity."  Ogrod, 598 F. Supp. 3d at 265,

quoting Rode, 845 F.2d at 1207.

Count I of Plaintiff's Complaint alleges that she was denied medical care for a seizure she

experienced while in police custody, in violation of her constitutional rights.  ECF 1, ¶¶ 36–48.

However, Plaintiff's Complaint does not allege Defendants Detective James Koenig and Detective

Williams participated in Plaintiff's arrest or had any interaction with her during the time she was

in custody.  See, e.g., ¶¶ 19–34.  Accordingly, there are no factual allegations to support Plaintiff's

assertion that Defendants Detectives Koenig and Williams are liable in their individual capacities

for allegedly depriving her of the medical care she needed following her arrest.  Ogrod, 598 F.

Supp. 3d at 265.  As such, this Court should dismiss Count I of Plaintiff's Complaint against

Defendants Detective James Koenig and Detective Williams.

> **B.** **The Court should dismiss all claims against Defendant City of Philadelphia because Plaintiff fails to allege a cognizable claim of municipal liability under 42 U.S.C. § 1983.**

To prevail against the City of Philadelphia, Plaintiff must allege sufficient facts to establish

that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted

from a municipal policy, custom, or practice of deliberate indifference to rights of citizens.  Monell

v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694–95 (1978); Andrews v. City of

Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

> Policy is made when a "decisionmaker possess[ing] final authority to establish
> municipal policy with respect to the action" issues an official proclamation, policy,
> or edict. A course of conduct is considered to be a "custom" when, though not
> authorized by law, "such practices of state officials [are] so permanent and well
> settled" as to virtually constitute law.

Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996), quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).

"Once a § 1983 plaintiff identifies a municipal policy or custom, he must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Berg v. Cnty. of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000), quoting Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).  "If . . . the policy or custom does not facially violate federal law, causation can be established only by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice."  Berg, 219 F.3d at 275, quoting Board of County Comm'rs of Bryan County, 520 U.S. at 407.

Plaintiff's Complaint does not allege the existence of any policy, practice, or custom implemented by the City, much less that the injuries she claims were the result of such a policy. Thus, Plaintiff's Complaint includes no factual allegations that could establish the City's liability under a Monell theory.  Andrews, 895 F.2d at 1480.[2]  As such, all claims against the City of Philadelphia should be dismissed.

---

[2]	To the extent Plaintiff's claims could be construed as seeking to hold the City liable for the conduct of its employees based on a theory of supervisory liability, such a claim is not viable.  See Monell, 436 U.S. at 691 ("a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); Berg, 219 F.3d at 275 (3d Cir. 2000); and Johnson v. City of Philadelphia, 975 F.3d 394, 403 (3d Cir. 2020).

## IV.    CONCLUSION

For the reasons set forth above, Defendants, City of Philadelphia, Detective James Koenig, and Detective Williams, respectfully request that this Court grant the instant motion and dismiss Count I of Plaintiff's Complaint against Detectives Koenig and Williams and all claims against the City of Philadelphia with prejudice.


Date: June 15, 2023                                   Respectfully submitted,

*/s/ Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Pa. Attorney ID No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434 (phone)
ben.jackal@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANGERNETTE JACOBS,** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action** |
| **v.** | : **No. 2:23-cv-01880-GJP** |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the foregoing Motion to Dismiss Plaintiff's Complaint was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date: June 15, 2023

Respectfully submitted,

*/s/ Benjamin T. Jackal*
Benjamin T. Jackal
Deputy City Solicitor
Pa. Attorney ID No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434 (phone)
ben.jackal@phila.gov