IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGERNETTE JACOBS,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 23-1880 |

**Pappert, J.**                                                                                                                                                                                                   August 30, 2023

### MEMORANDUM

      Angernette Jacobs sued the City of Philadelphia, Philadelphia Police Detectives Koenig and Williams, unnamed medical staff and an unnamed Philadelphia police officer under 42 U.S.C. § 1983. Jacobs's Complaint is hard to follow, with Count I alleging § 1983 claims for Fourth, Eighth and Fourteenth Amendment violations against "all defendants" and Counts II and III asserting, respectively, § 1983 claims for "unconstitutional seizure" and malicious prosecution against unspecified defendants who are referred to intermittently as "defendant" or "defendants."

      In any event, all defendants move to dismiss all counts against the City of Philadelphia and Count I against Koenig and Williams. (ECF 7). Jacobs concedes that Count I against Koenig and Williams, and Counts II and III against the City, should be dismissed, but believes the Court should deny the Motion as to Count I against the City, despite acknowledging that "Plaintiff did not plead a *Monell* Claim in her complaint." (Resp. in Opp. at 3–5, ECF 8). However stated or styled, Jacobs has not alleged sufficient facts to infer the existence of a municipal policy, practice or custom,

1

which is required to hold the City of Philadelphia liable under § 1983. The Court grants accordingly the Defendants' Motion but will allow Jacobs to amend her complaint consistent with this Memorandum.

I

Angernette Jacobs claims that her daughter, Alecia, was in a "road rage incident" in Philadelphia, but Jacobs was not at the scene. (Compl. ¶¶ 11, 13, ECF 1). Detectives Koenig and Williams interviewed victims of the incident and received photographs of Alecia taken during the incident. (*Id.* at ¶¶ 12, 15–16). Koenig and Williams also obtained copies of driver's license photographs for both Jacobs and Alecia. (*Id.* at ¶ 17). Jacobs alleges that Koenig then intentionally obtained a false arrest warrant for her, even though Koenig had Alecia's picture. (*Id.* at ¶ 18).

Unnamed police officers[1] then executed a warrant for Jacobs. (*Id.* at ¶ 19). Once taken into custody, unnamed city employees refused to let her take anti-seizure medicine or bring it to the police station, despite Jacobs's assertions that she had a seizure disorder. (*Id.* at ¶¶ 20–21).

Once at police headquarters, Jacobs claims that she asked a city employee for medication and a blanket but was refused. (*Id.* at ¶¶ 26–27). She subsequently had a seizure, urinated on herself, and suffered severe injuries to her neck, back, shoulders and knees. (*Id.* at ¶¶ 28–30). The unnamed city employees refused to offer Jacobs a change of clothes or medical assistance during or after her seizure. (*Id.* at ¶¶ 31, 33).

---

[1]   Jacobs names only one "John Doe Police Officer" as a defendant in the Complaint but refers throughout the pleading to multiple "John Doe Police Officers." (ECF 1).

2

II

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. It "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations that "do not permit the court to infer more than a mere possibility of misconduct" will not suffice. *Id.*

III

A

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978). For independent municipal liability to attach under § 1983, first and foremost, "there must still be a violation of the plaintiff's constitutional rights." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006). Then, the plaintiff must show that the municipality *itself* caused the constitutional violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). In other words, plaintiffs must demonstrate that the violation of their rights was caused by a policy or custom of the municipality. To plead a custom, a plaintiff must show "that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d

845, 850 (3d Cir. 1990). The plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Id.*

B

Jacobs fails to plead any City of Philadelphia policy, practice or custom. She even admits in her Response that she did not plead a *Monell* claim but nonetheless argues that her Complaint alleges that the City of Philadelphia had an "unconstitutional custom" or "*de facto* policy" of not providing anti-seizure medicine to inmates once on notice of a seizure disorder, and not providing medical care for a pretrial detainee after a seizure occurs. (Resp. in Opp. at 5, 7).

Jacobs does not point to any formal city policy relating to her claims but argues that she has "alleged a systematic custom of denial of medical care." (*Id.* at 8). However, Jacobs's only alleged evidence of a custom is that unnamed city employees did not provide her with medical care or protect her well-being. (Compl. at ¶¶ 36–48). Jacobs does not identify any other instances where she or anyone else was denied medical care. A single offense by a lower level employee "does not suffice to establish either an official policy or a custom." *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). Jacobs also fails to allege who the policymaker is for the City of Philadelphia.[2]

---

[2] In future filings, Jacobs should dispense with the adverbs and vitriol such as accusing the Defendants of "shamelessly" filing a motion to dismiss instead of "accepting responsibility for their heinous acts and deprivations." (*Id.* at 1, 9). Those digs are particularly misplaced given her concessions and the Complaint's numerous defects.

4

IV

Count I against Koenig and Williams and Counts II and III against the City of Philadelphia are dismissed with prejudice. Count I against the City is dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.