IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGERNETTE JACOBS, *Plaintiff,* v. CITY OF PHILADELPHIA, et al., *Defendants.* | CIVIL ACTION NO. 23-1880 |

## ORDER

**AND NOW**, this 21st day of December 2023, upon consideration of Defendants' Motion to Dismiss Jacobs's Amended Complaint, (ECF 15), and Jacobs's Response, (ECF 16), it is hereby **ORDERED** that Defendants' Motion is **GRANTED**.

Count I, as it pertains to the City of Philadelphia, and Count IV are **DISMISSED with prejudice**. The City of Philadelphia is dismissed from the case.[1]

---

[1] In her Amended Complaint, Jacobs alleges, *inter alia,* § 1983 claims for Fourth, Eighth and Fourteenth Amendment violations (Count I) and Fourteenth Amendment "Municipal Liability" against the City (Count IV) (Am. Compl. ¶¶ 48–61; 82–97, ECF 13).

The Court previously dismissed all counts against the City because Jacobs failed to allege facts which could establish a *Monell* claim. Specifically, Jacobs did not point to any formal policy or well-settled custom of denying proper medical care, nor did she allege who the policymaker is for the City. *See* (pp. 4–5, ECF 10).

Jacobs's Amended Complaint similarly fails to plead *Monell* liability. Jacobs concedes "she cannot proceed with her claim against [the City]" in Count I, but contends Count IV should survive Defendants' Motion to Dismiss. (Resp. in Opp. to Mot. to Dismiss Am. Compl., p. 5, ECF 16). Insofar as Count IV differs from Count I, Jacobs's Amended Complaint still suffers from many of the same defects as her initial complaint. Jacobs conclusorily states the City maintained policies of not making medication available to arrestees, and not referring arrestees for proper medical care. (Am. Compl. ¶¶ 85–88). But Jacobs does not allege any specific policies, nor does she identify any decisionmaker. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) ("Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.").

Jacobs also fails to allege a custom. Like in her initial complaint, Jacobs argues the City has adopted a "*de facto* policy" of not providing anti-seizure medicine to inmates once on notice of a seizure disorder, and not providing medical care for a pre-trial detainee after a seizure occurs. (Resp. in Opp. to Mot. to Dismiss Am. Compl., p. 8). But a single offense by lower level employees,

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

which is all Jacobs alleges, "does not suffice to establish either an official policy or a custom." *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).